David L. Knapper
State Bar No. 010328
**LAW OFFICES OF DAVID L. KNAPPER**
1599 East Orangewood Avenue, Suite 125
Phoenix, Arizona 85020
Telephone:  (602) 252-0809
Facsimile:  (602) 256-0432
E-Mail:  dlk@knapperlaw.com

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| In re<br><br>TIMOTEO DIAZ HERNANDEZ and REGINA DOLORES DIAZ,<br><br>Debtors. | CHAPTER 13<br>CASE NO. 2:16-bk-13677-DPC<br>**SECURED CREDITORS JACK W. CONE II'S AND KELLIE A. CONE'S CONSOLIDATED:**<br>**(1) OBJECTIONS TO DEBTORS' PLAN OF REORGANIZATION;**<br>**(2) REQUEST FOR A HEARING ON SAID OBJECTIONS NOT LATER THAN FEBRUARY 24, 2017 (WITHIN 45 DAYS FOLLOWING DEBTORS' SCHEDULED JANUARY 11, 2017 11 U.S.C. § 341 FIRST MEETING OF CREDITORS)**<br>&<br>**(3) NOTICE OF LODGING PROPOSED FORM OF ORDER SCHEDULING HEARING**<br>(Assigned to the Honorable Chief Judge Daniel P. Collins)<br>(Re: Chapter 13 Plan filed at Case Docket #10) |

For, among other possible reasons they reserve their right to subsequently assert, Secured Creditors JACK W. CONE II and KELLIE A. CONE, husband and wife (collectively "CONE"), hereby object to the proposed Chapter 13 Plan filed on December 7, 2016 at Case Docket #10 ("Plan") by Debtors TIMOTEO DIAZ HERNANDEZ and REGINA DOLORES DIAZ, husband and wife (collectively "DEBTORS").

On even date herewith, CONE are filing, in addition to this pleading, their Proof of Claim in this Chapter 13 ("POC"). So as to avoid needless redundancy, CONE hereby incorporate, as though fully plead herein, the POC.

## I. OBJECTIONS TO PLAN

The POC establishes that because:

    (a)    CONE hold a mortgage loan ("Mortgage") encumbering DEBTORS' principal, indeed only, residence ("Property"),

and

    (b)    the Mortgage bears a stated maturity date of April 30, 2018,

DEBTORS have no chance of successfully reorganizing because they simply can't comply with all that required of them by 11 U.S.C. §§ 506(b) and 1322(c)(2), especially not when § 1322(c)(2) triggers DEBTORS obligation to further comply with § 1325(a)(5)(B)(i)(I)(aa), 1325(a)(5)(B)(i)(II), 1325(a)(5)(B)(ii) and 1325(a)(5)(B)(iii)(I).

In fact, the Plan entirely ignores the above cited statutes.

Primarily, this is because pursuant to 1325(a)(5)(B)(i)(I)(aa), 1325(a)(5)(B)(i)(II), 1325(a)(5)(B)(ii) and 1325(a)(5)(B)(iii)(I), for the Plan to be confirmable, CONE must be paid all it's going to take to fully pay-off the Mortgage **by means of sixty (60) or less equal amortized monthly installment payments**.

Moreover, a full pay-off of the Mortgage that a confirmable Plan is going to require shall include not only the $402,167.16 reported in the POC that DEBTORS owed CONE as of the December 1, 2016 commencement of this Chapter 13, but also, DEBTORS' obligation to reimburse CONE for all of the attorney's fees CONE incur because of this Chapter 13 ("Attorney's Fees"), plus paying CONE interest on both the aforementioned $402,167.16 and Attorney's Fees.

§ 1325 was enacted effective October 17, 2005 as part of the Bankruptcy Abuse Prevention and Consumer Protection Act. § 1325(a)(5)(B)(iii)(I) commands "periodic

payments" be paid to CONE "in **equal** monthly amounts". (**emphasis added**). That § 1325(a)(5)(B)(iii)(I) means precisely what it says; about not only required "periodic payments," but that these payments must also be paid "in **equal** monthly amounts" ("**emphasis added**), could not be made clearer than by reported bankruptcy decisions that have addressed § 1325(a)(5)(B)(iii)(I), specifically, *In re Lemieux*, 347 B.R. 460 (Bkrtcy. D. Mass. 2006), and *In re Golash*, 428 B.R. 189, 190-191 (Bkrtcy. W.D. Pa. 2010).

Additionally, according to *Golash* at p. 191, if DEBTORS were capable of paying all that required of them, again, through § 1325(a)(5)(B)(iii)(I) "periodic payments" to be paid CONE "in **equal** monthly amounts" (**emphasis added**), then the aforementioned interest that also must be paid CONE would be accruing at an effective rate as established by the formula approach described by the Supreme Court in *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004), specifically, the Prime rate plus something to cover the risk involved. *Accord In re Trejos*, 374 B.R. 210, 220 n. 9 (9th Cir. BAP 2007).

Leaving to litigate for another day the interest rate DEBTORS would have to pay, CONE submit that while the Prime rate is presently 3.75% per annum, the correct *Till* rate here should be at least six percent (6.00%), which is what DEBTORS agreed to pay on the Mortgage so long as they were not in default.

DEBTORS can't successfully amend the Plan by just proposing to pay CONE the $2,504.95 of pre-Petition arrearages reported in the POC before the Mortgage matures on April 30, 2018, so as to escape the requirements of 11 U.S.C. 1325(a)(5)(B)(i)(I)(aa), 1325(a)(5)(B)(i)(II), 1325(a)(5)(B)(ii) and 1325(a)(5)(B)(iii)(I), because immediately following the Mortgage maturing, CONE would be commencing a foreclosing that would culminate in the forced-sale of the Property in either late July or early August 2018. *Compare* 11 U.S.C. § 1129(a)(11) ("A plan is feasible when it is not likely to be followed by liquidation or the need for further financial reorganization, unless such liquidation or reorganization is proposed in the plan."). Indeed, should DEBTORS submit an Amended Plan that is only going to delay for

approximately twenty (20) months the inevitable foreclosure of the Property, that Amended Plan would not be confirmable pursuant to 11 U.S.C. § 1325(a)(7) because it would then be obvious that DEBTORS didn't file their Chapter 13 Petition "in good faith"; instead, they would just be attempting to utilize this Chapter 13 for the bad faith purpose of possibly living longer in a residence it obvious they can't afford.

Because of the foregoing, it is already preordained that this will be an unsuccessful Chapter 13.

Simply put, the Plan is neither feasible nor confirmable.

CONE reserve their right to subsequently supplement these objections.

## II. REQUEST FOR OBJECTIONS TO PLAN HEARING

Because of the foregoing objections CONE have plead to the Plan, CONE respectfully request a Hearing on the merits of their objections be scheduled not later than February 24, 2017 (within 45 days following DEBTORS' 11 U.S.C. § 341 First Meeting of Creditors that is scheduled to be conducted on January 11, 2017).

## III. NOTICE OF LODGING PROPOSED FORM OF ORDER SCHEDULING OBJECTIONS TO PLAN HEARING

Notice is hereby provided that on even date herewith, CONE are lodging with the Honorable Chief Judge Daniel P. Collins to enter with the Bankruptcy Clerk of Court a proposed Order captioned: "Order Scheduling Objections to Plan Hearing," a copy of said proposed Order which is attached hereto as Exhibit "A".

### PRAYER(S)

Based upon the foregoing, and with CONE reserving their right to obtain a Lift Stay Order, a Conversion Order or a Dismissal Order, CONE respectfully request this Court:

A.   complete and enter with the Bankruptcy Clerk of Court the aforementioned proposed Order, which again, is attached hereto as Exhibit "A," whereby a Hearing on the

merits of CONE's objections to the Plan shall be conducted by the Court not later than February 24, 2017,

and

B.	following the completion of said Hearing, sustain said objections and because of such refuse to confirm the Plan, and in conjunction therewith, if a Lift Stay Order in CONES' favor is not entered with the Bankruptcy Clerk of Court, then alternatively, this Court either enter an Order converting this case to a Chapter 7 proceeding, dismissing this case or granting CONE such relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 22nd day of December 2016, by:

LAW OFFICES OF DAVID L. KNAPPER

/s/ David L. Knapper
David L. Knapper
Attorney for CONE

FILED this 22nd day of December 2016,
with

Bankruptcy Clerk of Court

TRANSMITTED this 22nd day of December 2016, to:

The Honorable Chief Judge Daniel P. Collins
United States Bankruptcy Court
230 North First Avenue
Phoenix, Arizona 85025

COPIES of the foregoing e-mailed where noted in the pleading mentioned below, plus mailed this 22nd day of December 2016, to:

All necessary parties as set forth in the pleading captioned: "Certificate Of Service" to be filed on this 22nd day of December 2016

/s/ David L. Knapper

# EXHIBIT "A"

David L. Knapper
State Bar No. 010328
**LAW OFFICES OF DAVID L. KNAPPER**
1599 East Orangewood Avenue, Suite 125
Phoenix, Arizona 85020
Telephone: (602) 252-0809
Facsimile: (602) 256-0432
E-Mail: dlk@knapperlaw.com

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| In re<br><br>TIMOTEO DIAZ HERNANDEZ and REGINA DOLORES DIAZ,<br><br>Debtors. | CHAPTER 13<br>CASE NO. 2:16-bk-13677-DPC<br>**ORDER SCHEDULING OBJECTIONS TO PLAN HEARING**<br>(Assigned to the Honorable Chief Judge Daniel P. Collins)<br>(Re: Chapter 13 Plan filed at Case Docket #10) |

For good cause shown, **IT IS HEREBY**:

**ORDERED** that a Hearing on the Objections to Debtors' Plan of Reorganization filed by Secured Creditors JACK W. CONE II and KELLIE A. CONE, husband and wife (collectively "CONE") will be held on _____ at _____ __.__ o'clock, in U.S. Bankruptcy Court, District of Arizona, Phoenix Division, specifically, by the Honorable Chief Judge Daniel P. Collins in Courtroom No. 603, 6th Floor, 230 North First Avenue, Phoenix, Arizona 85003. It is further

**ORDERED** that CONE's attorney of record shall promptly serve conformed copies of this Order, together with true and correct copies of that certain pleading dated August 18, 2015 and filed by CONE captioned: "Secured Creditors Jack W. Cone II's and Kellie A. Cone's Consolidated: (1) Objections To Debtors' Plan Of Reorganization; (2) Request For An Objections to Plan Hearing Not Later Than February 24, 2017 (Within 45 Days Following

Debtors' Scheduled January 11, 2017 11 U.S.C. § 341 First Meeting Of Creditors) & (3) Notice Of Lodging Proposed Form Of Order Scheduling Hearing," upon all necessary parties, including at a minimum, the above-named Debtors, their attorney of record, and also, the assigned Chapter 13 Trustee, and thereafter, CONE's attorney of record shall file a Certificate of Service evidencing his compliance with this Order.

DATED this ____ day of _____ 201_, by:

_____
CHIEF JUDGE DANIEL P. COLLINS

LODGED this 22nd day of December 2016, with:

The Honorable Chief Judge Daniel P. Collins
United States Bankruptcy Court
230 North First Avenue
Phoenix, Arizona 85003

COPIES of the foregoing e-mailed where noted in the pleading mentioned below and mailed this 22nd day of December 2016, to:

All necessary parties as evidenced by that certain pleading captioned: "Certificate of Service," which is being filed this 22nd day of December 2016 in connection with the above-captioned Chapter 13

/s/ David L. Knapper

2