David L. Knapper
State Bar No. 010328
**LAW OFFICES OF DAVID L. KNAPPER**
1599 East Orangewood, Suite 125
Phoenix, Arizona 85020
Telephone: (602) 252-0809
Facsimile No: (602) 256-0432
E-Mail: dlk@knapperlaw.com

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| In Re<br><br>TIMOTEO DIAZ HERNANDEZ and REGINA DOLORES DIAZ,<br><br>Debtors.<br><br>JACK W. CONE II and KELLIE A. CONE, husband and wife,<br><br>Secured Creditors/Movants,<br><br>v.<br><br>TIMOTEO DIAZ HERNANDEZ and REGINA DOLORES DIAZ, husband and wife, Debtors, and RUSSELL BROWN, Chapter 13 Trustee,<br><br>Respondents. | CHAPTER 13<br><br>CASE NO. 2:16-bk-13677-DPC<br><br>(Assigned to the Honorable Chief Judge Daniel P. Collins)<br><br>**RESPONSE IN OPPOSITION TO DEBTORS' MOTION TO STRIKE FILED AT CASE DOCKET #21**<br><br>(Re: Real Property Located at 4831 South Hudson Place, Chandler, Arizona 85249)<br><br>(Hearing Scheduled for January 9, 2017 at 10:00 a.m. Related to Lift Stay Motion Filed at Case Docket #18) |

Debtors/Respondents TIMOTEO DIAZ HERNANDEZ and REGINA DOLORES DIAZ, husband and wife (collectively "DEBTORS"), have filed a legally misplaced Motion to Strike ("Motion"). The Motion relies upon Local Bankruptcy Rule 4001-1(b), but that Rule provides no grounds for dismissing a lift stay motion.

All the Motion does is constitute proper grounds for Secured Creditors/Movants JACK W. CONE II and KELLIE A. CONE, husband and wife (collectively "MOVANTS") to notice-

out a Preliminary Lift Stay Hearing, which is going to be conducted on January 9, 2017 at 10:00 a.m.

At this Hearing, it shall be DEBTORS' burden to establish why MOVANTS are not entitled to bankruptcy clearance to enforce the mortgage that MOVANTS hold against DEBTORS' residence ("Property"), even though:

1. DEBTORS have no equity in the Property because: (a) they purchased it only approximately eight (8) months ago; (b) they only placed a $10,000.00 down-payment in conjunction with their purchase; (c) in addition to the mortgage, because DEBTORS have tax problems, the Property is also encumbered by a $9,631.19 IRS lien, and (d) we can't ignore standard seller's closing costs,

and

2. Because: (a) the Property is DEBTOR's principal (indeed, only) residence, and (b) the aforementioned mortgage is scheduled to mature on April 30, 2018, DEBTORS must (and yet, there is absolutely no-way they can afford to) fully pay-off the Mortgage by means of sixty (60) or less equal amortized monthly installment payments; not when this full pay-off is going to include, at a bare minimum, the $402,167.16 owed MOVANTS as of the December 1, 2016 commencement of this Chapter 13, plus interest on this $402,167.16. 11 U.S.C. §§ 1322(c)(2), § 1325(a)(5)(B)(i)(I)(aa), 1325(a)(5)(B)(i)(II), 1325(a)(5)(B)(ii) and 1325(a)(5)(B)(iii)(I); *In re Lemieux*, 347 B.R. 460 (Bkrtcy. D. Mass. 2006); *In re Golash*, 428 B.R. 189, 190-191 (Bkrtcy. W.D. Pa. 2010).

**PRAYER**

Again, because it is legally misplaced, MOVANTS respectfully request the Motion be denied.

RESPECTFULLY SUBMITTED this 27th day of December 2016, by:

LAW OFFICES OF DAVID L. KNAPPER

/s/ David L. Knapper
Attorney for MOVANTS

2

Case 2:16-bk-13677-DPC    Doc 22    Filed 12/27/16    Entered 12/27/16 20:57:34    Desc
Main Document    Page 2 of 3

FILED this
27th day of December 2016, with:

Bankruptcy Clerk of Court

TRANSMITTED this
27th day of December 2016, to:

The Honorable Chief Judge Daniel P. Collins
United States Bankruptcy Court
230 North First Avenue
Phoenix, Arizona 85003

COPIES of the foregoing e-mailed where noted in the pleading mentioned below, plus mailed this 27th day of December 2016, to:

All necessary parties as evidenced by that certain pleading captioned: "Certificate of Service," which is being filed this 27th day of December 2016 in connection with the above-captioned Chapter 13

/s/ David L. Knapper